In re DUNN HARDWARE & FURNITURE CO.

(District Court, E. D. North Carolina.   January 27, 1905.)

BANKRUPTCY—CLERK'S FEES—NOTICE TO CREDITORS.

    Bankr. Act July 1, 1898, c. 541, § 51, 30 Stat. 558 [U. S. Comp. St. 1901, p. 3441], provides that clerks shall receive as full compensation in each estate a filing fee of $10, except where a fee is not required from a voluntary bankrupt. Section 58c, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444] provides that all notices shall be given by the referee, unless otherwise ordered by the judge, and general order 35, § 1 (89 Fed. xiii, 32 C. C. A. xxxiv), declares that the fees allowed to clerks shall be in full compensation of all services performed by them, etc., but "shall not include copies furnished to other persons or to expenses necessarily incurred in publishing or mailing notices or other papers." District rule 8 (89 Fed. vi, 32 C. C. A. x) provides that the notice of final meeting shall be issued by the clerk in accordance with official form 57 (89 Fed. lvii, 32 C. C. A. lxxxi), which includes the petition for the bankrupt's discharge, order of notice, jurat, etc. *Held*, that clerks were not entitled to charge a fee of 25 cents for each notice sent to creditors on notices of a petition for discharge, but were only entitled to the actual items of expense thereon for postage, stationery, and clerical work.

Godwin & Davis, for petitioners.
Stewart & Clifford, for bankrupt.

PURNELL, District Judge.   In this cause a controversy has arisen between the referee and the clerk as to the charge of the former clerk, of 25 cents, for each notice sent to creditors on the notices of petition of discharge, amounting to $38.75.   The law is so apparently plain upon this subject that there should be no question about it.   Section 51 of the bankrupt act of July 1, 1898, c. 541, 30 Stat. 558 [U. S. Comp. St. 1901, p. 3441], provides that the clerks shall receive as full compensation for their services to each estate a filing fee of $10, except where a fee is not required from a voluntary bankrupt.   Section 58c, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], provides that all notices shall be given by the referee, unless otherwise ordered by the judge. In accordance with authority vested and the duty required of the Supreme Court, general orders in bankruptcy were made, and forms prescribed, and general order 35, § 1 (89 Fed. xiii, 32 C. C. A. xxxiv), follows the act by providing "that the fees allowed by the act to clerks shall be in full compensation of all services performed by them," etc., but "shall not include copies furnished to other persons or to expenses necessarily incurred in publishing or mailing notices or other papers." District rule 8 in bankruptcy (89 Fed. vi, 32 C. C. A. x) provides that the notice of final meeting shall be issued by the clerk in accordance with official form 57 (89 Fed. lvii, 32 C. C. A. lxxxi).   This form, as will be noted, includes the bankrupt's petition for discharge, order of notice thereon, jurat, and certificate.   From a reading of these sections of the act, and from the rules and orders of the court, the notice on petition for discharge must be issued by the clerk, and the act allows him the actual expenses, to wit, for postage, stationery, and clerical work.   This cannot be charged as a fee, but must be charged as an expense, and should be itemized by the clerk, and so charged.   When so charged, it is legitimate, and should be paid out of the estate.   These

items of expense the court cannot say amount to 25 cents for each notice, but, considering the items which enter into such expense, may amount to this charge.