# IN THE MATTER OF HATSUJI IWANAGA, A BANK-RUPT.

## January 26, 1916.

*Bankruptcy—Clerk's fees—Notice to creditors:* Special or extra compensation is not allowable to the clerk of court, under General Order in Bankruptcy No. XXXV, sec. 1, for mailing notices to creditors; his clerical services in such matters,—so far at least as no extraordinary expenses are involved,—being covered by the filing fee of ten dollars provided by the Bankruptcy Act, sec. 52, subdiv. a.

*In Bankruptcy:* On motion of clerk for allowance of extra compensation for mailing notices to creditors.

*Foster L. Davis,* clerk, *pro se.*

CLEMONS, J.   The question arises whether the clerk of court may not in bankruptcy cases make a charge for mailing notices to creditors.   For several years from and after the institution of this court it was the practice here for the clerk to make such a charge.   Somehow—for what reason I have been unable to ascertain,—the practice ceased and has not been followed for at least seven years.   The practice, I am informed by an examiner of the Department of Justice, is followed in all the Federal courts on the Pacific coast.

The authority now relied on for such charge, is General Order XXXV, section 1, adopted by the Supreme Court of the United States, which reads:

"The fees allowed by the act to clerks shall be in full compensation for all services performed by them in regard to filing petitions or other papers required by the act to be filed with them, or in certifying or delivering papers or copies of records to referees or other officers, or in receiving or paying out moneys; but shall not include copies furnished to other persons, or expenses necessarily incurred in publishing or mailing notices or other papers."

The concluding clause of this provision of the general orders may seem somewhat broader than the statutory provision for compensation of clerks, Bankruptcy Act, section 52, subdivision a, which follows:

"Clerks shall respectively receive as full compensation for their services to each estate, a filing fee of ten dollars, except when a fee is not required from a voluntary bankrupt."

And to a view of this general order as too broad, Mr. Collier gives support in the following language:

"It is thought that General Order XXXV (1) is not in accord with section 52, a; if not, the latter must control." Collier on Bankruptcy, 10th ed., 687, q. v. in extenso.

In my view of the statute, which makes the filing fee of ten dollars the clerks' "full compensation for their services to each estate", it seems that a clerk's services rendered in mailing notices are covered by and included within his "services to each estate." *In re Durham*, 2 N. B. N. Rep. 1104, cited by Brandenburg on Bankruptcy, 3d ed., section 801, to the effect that "the clerk is entitled to charge an additional fee for each notice of bankrupt's application for discharge sent to creditors," is no authority as against my view; for it is controlled by the broader provision of the bankruptcy statute of 1867, section 47, which reads:

"In each case there shall be allowed and paid, in addition to the fees of the clerk of the court as now established by law, *or as may be established by general order for fees in bankruptcy,* the following fees," etc.

I do not go so far, however, as to express disapproval of the rule approved by the Supreme Court in section 1 of General Order XXXV, but rather express my disagreement with the application of this rule by the judges and clerks in other districts. When we regard the phrase of the rule "expenses necessarily incurred in publishing notices", there is no difficulty in so dissenting, for it would be unreasonable, absurd, to burden the clerk, who receives but ten dollars for all his "services", with what is strictly and purely an "expense" incurred by the work of another, an indepen-

dent, party, the printer of the publication; and so with regard to the "mailing (of) notices or other papers",—only "expenses," are contemplated as the proper subjects of extra allowance, something outside of the clerk's own acts, something done by another, an independent party. See *In re Dunn Hardware and Furniture Co.*, 134 Fed. 997, 14 Am. B. R. 186, 187. And so far as his own clerical acts are involved in mailing notices, his compensation is already provided for in the blanket ten-dollar fee. To repeat the idea in other words, "services" are to be distinguished from "expenses". For the latter the clerk would, under the Supreme Court's general order, and probably as a matter of course quite apart from any such rule, be entitled to reimbursement. But what "expense" is there in mailing notices to creditors? Only that of the paper and envelopes used; the typewriting and other manual labor being "services" and not "expenses". To make a charge for the stationery used would be impracticable and contrary to practice in all other cases, and in any event the amount chargeable for an envelope and a small sheet of paper would be trivial.

Accordingly, the items of mailing notices to creditors, submitted by the clerk as proper subjects of charge under General Order XXXV, are disallowed as such.